JUSTICE NELSON
concurs.
¶44 I concur in the Court’s Opinion. I write separately as to the juror voir dire issue, Issue 1, only to clarify my vote to affirm.
¶45 All things being equal, I would have voted to reverse on this issue. In my view, Welter’s responses quoted in the Court’s Opinion demonstrated that he had a state of mind in reference to the case [and to Rogers] that would prevent him from acting with entire impartiality and without prejudice to Rogers’ substantial rights. Section 46-16-115(2)(j), MCA. State v. Golie, 2006 MT 91, ¶ 8, 332 Mont. 69, ¶ 8, 134 P.3d 95, ¶ 8. Moreover, at least from the colloquy quoted, I believe that the voir dire examination did raise a serious question about Welter’s ability to be fair and impartial. State v. Richeson, 2004 MT 113, ¶ 14, 321 Mont. 126, ¶ 14, 89 P.3d 958, ¶ 14.
¶46 That said, following the trial court’s denial of defense counsel’s challenge to Welter for cause and the judge’s admonition that she needed to “establish more”-in light of the fact that the court would be instructing the jurors on, among other things, the presumption of innocence and the State’s burden of proof-counsel stated to Welter:
*146 Ms. Marshall: I’m going to stick with you. Do you think that your ability to sit on the jury would be impaired at all, in any way, by your belief about sexual assault crimes?
Mr. Welter: At this point, I don’t think so.
Ms. Marshall: Okay. All right. I’ll pick on somebody else, thank you. [Emphasis added.]
Defense counsel did not thereafter renew her challenge and, ultimately, passed the panel for cause.
¶47 By determining to “stick with” Welter and by not renewing her challenge for cause, I conclude that defense counsel withdrew her challenge. Whether that was a wise decision is not before us. However, I agree with our determination to affirm as to Issue 1 because the challenge for cause was withdrawn.